UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FERRILL J. VOLPICELLI,

Petitioner,

v.

WARDEN OF LLC,

Respondents.

Case No. 3:25-cv-00759-MMD-CSD

ORDER

Petitioner Ferill J. Volpicelli, a pro se Nevada prisoner, has filed a Petition for Writ of Habeas Corpus (ECF No. 1-2 ("Petition")), as well as a Motion for Leave to File Petition (ECF No. 1-1), and a Motion to Take Judicial Notice (ECF No. 8) (collectively, "Motions"). On initial review under the Habeas Rules[1], the Court dismisses the Petition for lack of jurisdiction, denies the Motions as moot, and directs the Clerk of the Court to close this case.

Volpicelli challenges a 2004 state court conviction for one count to conspiracy to commit crimes against property, eight counts of burglary, and one count of unlawful possessing, making, forging or counterfeiting of inventory pricing labels. The state district court adjudicated Volpicelli as a habitual criminal and sentenced him to terms totaling life in prison with the possibility of parole after 20 years. In 2013, the state district court issued an amended judgment of conviction removing the $150 DNA testing fee that was duplicative of a fee assessed in a separate case and excused Volpicelli from reimburing the county $500 for legal representation. Volpicelli acknowledges that he has previously challenged the judgment of conviction at issue in this case, but asserts that his petition may not be successive because he is challenging "his actual innocence to the status of

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

habitual criminality . . ..” (ECF No. 1-2 at 10.)

Volpicelli was denied federal habeas corpus relief in 2015. *See Volpicelli v. Palmer*, Case No. 3:10-cv-00005-RCJ-CLB, ECF No. 58. The Antiterrorism and Effective Death Penalty Act generally limits habeas petitioners to one round of federal habeas review. *See* 28 U.S.C. § 2244. In 2014, Volpicelli filed a separate federal habeas action. *See Volpicelli v. LeGrand*, Case No. 3:14-cv-00579-MMD-CLB. The Court granted the respondents’ motion to dismiss finding that the 2013 amended judgment did not constitute a “new judgment,” and that his claims were nonetheless barred by the doctrine of procedural default. *Id*., ECF No. 83.

Accordingly, Volpicelli has already received federal habeas review of his conviction. To receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[2] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner’s successive habeas petition absent permission from the Court of Appeals to do so). Although Volpicelli has attached an application for leave to file a second or successive petition, he must submit such application to the Ninth Circuit and make the requisite showing to convince the Ninth Circuit to grant him leave to file his second or successive habeas petition. Volpicelli is directed to consult Ninth Circuit Rule 22-3 for further information. Accordingly, the Court denies the Petition and dismisses this action without prejudice to its refiling should Volpicelli obtain permission to do so from the Ninth Circuit.

It is therefore ordered that Petitioner Ferrill J. Volpicelli’s Petition for Writ of Habeas Corpus (ECF No. 1-2) is dismissed without prejudice to its refiling should Volpicelli obtain permission from the Ninth Circuit.

It is further ordered that the Motion for leave to File Petition (ECF No. 1-1) and

---

[2]The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection*, *Inc. v. Henson*, 537 U.S. 28, 33-34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*

Motion to Take Judicial Notice (ECF No. 8) are denied as moot.

It is further ordered that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from Respondents other than to respond to any orders of a reviewing court.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the Petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED THIS 3rd Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE